IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION 2009 AUG 18  PH 2: 24

FILED
U.S. DIST. COURT

CLERK R. Ask
SO. DIST. OF GA.

ANTONIO BROWN,                                   :
                                                 :
            Plaintiff,                           :
                                                 :
      vs.                                        :         CIVIL ACTION NO.: CV609-049
                                                 :
DON JARRIEL; Officer BERRY;                      :
Sgt. GRINER; and Unknown                         :
Female Officer,                                  :
                                                 :
            Defendants.                          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983, as amended, contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that Defendants Berry, Griner, and an unknown female officer escorted him from the medical unit to his housing unit on June 20, 2009, and he was attacked by another inmate. Plaintiff contends that the other inmate was not handcuffed or escorted by any officers.

Title 42, United States Code, Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. <u>Porter</u>, 534 at 523. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. <u>Id.</u> at 524; <u>Booth v. Churner</u>,

532 U.S. 731, 732 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Plaintiff readily admits he did not exhaust his available administrative remedies prior to filing his Complaint, which is dated June 30, 2009, with this Court on July 8, 2009. The undersigned notes that Plaintiff states in his Amended Complaint that his counselor did not come to see him until July 1, 2009, and his informal grievance was rejected as being untimely. Plaintiff had not exhausted his available administrative remedies at the time he filed his Complaint.

However, giving Plaintiff the benefit of the doubt that he did exhaust all available administrative remedies prior to filing this cause of action, his Complaint nevertheless should be dismissed. Plaintiff seemingly asserts that Defendants Berry, Griner, and the unknown female officer should have prevented this assault. Plaintiff alleges that Defendant Jarriel, the Warden failed to assure his subordinates were trained properly to prevent this assault.

The Eighth Amendment imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Thus, a prison inmate has a constitutional right to be protected from the threat of violence and from physical assault. See Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986). In

order to state a section 1983 cause of action against prison officials in this regard, however, a plaintiff must allege at least some degree of conscious or callous indifference on the part of officials. Id. (citing Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)). Only where there is "a strong likelihood, rather than a mere possibility[,]" of a known risk of injury does a correctional officer's failure to act amount to deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989)). In Hopkins v. Britton, 742 F.2d 1308, 1310 (11th Cir. 1984), the court similarly suggested that the knowledge of danger, coupled with the failure to act, might warrant a finding of deliberate indifference.

There is no evidence that the Defendants were aware of any danger that Plaintiff faced prior to this alleged assault by another inmate.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this cause of action. In the alternative, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _18th_ day of August, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE