UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO BROWN,

Plaintiff,

v. 609CV049

DON JARRIEL; Officer BERRY; Sgt. GRINER; and Unknown Female Officer,

Defendants.

## ORDER

Antonio Brown, an inmate at Georgia State Prison, filed an action with this Court pursuant to 42 U.S.C. § 1983, in which he alleged that he was attacked by another inmate while he was being escorted through the facility by defendants Berry, Griner, and an unknown female officer. Doc. # 1. The Court dismissed Brown's complaint upon determining that he had not exhausted his administrative remedies prior to bringing suit. Doc. ## 9, 12. Brown has since filed a Prison Trust Account Statement form and a Consent to Collection of Fees, which this Court construes as both a notice of appeal (NOA), and as a motion to proceed *in forma pauperis* (IFP) on appeal. Doc. ## 14, 16.

To obtain IFP status on appeal, a party's appeal must be taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith, in turn, means that there is an issue on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. U.S.*, 369 U.S. 438, 445 (1962); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990).

In his amended complaint, Brown stated that he tendered an informal grievance but that it was denied as untimely. Doc. # 8 at 2-3. He did not claim to have further pursued the grievance process. *Id.* The Prison Litigation Reform Act's "exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong,' and mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Martinez v. Minnis*, 257 Fed. Appx. 261, 265 (11th Cir. 2007) (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005)). Here, the grievance process did not end when Brown's informal grievance was rejected. "If their initial grievance is denied, [Georgia] prisoners must then file a timely appeal." *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008); *see also Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (concluding that a prisoner who declined to appeal an untimely grievance failed to exhaust his administrative remedies).

This Court's dismissal of Brown's § 1983 claim rests on solid Eleventh Circuit precedent and is supported by the facts of the case. The Court thus sees no good faith basis for an appeal. As a result, the Court **DENIES** inmate-plaintiff Antonio Brown's IFP motion. Doc. ## 14, 16.

This day of 9 October 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA